RECEIVED
IN LAKE CHARLES, LA

JAN 24 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CECIL SIMMONS | : | DOCKET NO. 2: 04 CV 1159 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the plaintiff's Objection to the Report and Recommendation ("R&R") of the Magistrate Judge.

The plaintiff makes the following objections to the R&R:

1) The claimant is unqualified for light or sedentary work;

2) The claimant did not pursue physical therapy because it was never prescribed; and

3) The Magistrate Judge failed to consider §419.923, multiple impairments.

This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole, that is, evidence that reasonable minds would accept as adequate to support the Commissioner's conclusion. 42 U.S.C. §§ 405(g), 1382(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999). The review is more than a search of the record for evidence supporting the Secretary's findings. *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987); *Muncy v. Apfel*, 247 F.3d 728 (8th Cir., 2001). In determining substantiality, the court must also balance the weight of the evidence that detracts from the Commissioner's decision. *Muncy, Id.*

The plaintiff's first objection is that the ALJ's residual capacity finding is not supported by substantial evidence.

20 C.F.R. Part 404; Subpart P; Appendix 2, §201(a) states that most sedentary occupations fall within the skilled, semi-skilled, professional, administrative, technical, clerical and work bench classifications. §201(h) states: "Accordingly, for such individuals (1) who are restricted to sedentary work, (2) who are unskilled or have transferable skills, (3) who have no relevant part work or who can no longer perform vocationally relevant past work, and (4) who are either illiterate or unable to communicate in the English language, a finding of disability is warranted.

20 C.F.R. § 404-1567(b) states that light exertional work involves lifting up to twenty pounds, standing or walking for at least six hours, or sitting using push/pull mechanisms. In finding and affirming Simmons's capacity for a full range of light work, the claimant argues that the Magistrate Judge abstracted the physician's comments of light work capability. A Functional Capacity Evaluation was rendered in this case, but the claimant argues that the Magistrate Judge ignored the findings in the FCE in favor of the ALJ's unsupported assertions. The ALJ found that Simmons retained the residual capacity to sit for six hours and to stand for six hours in an eight hour work day. The claimant argues that this finding is contrary to the FCE which states that Simmons can stand for thirty minutes[1] and even with frequent weight shifting, he can sit for only sixty minutes.[2] The FCE states that Simmons can walk only occasionally (0-33% of the work day)[3]. The

---

[1] "Standing tolerances were noted at 30 minutes for dynamic standing (standing in one place while performing activities) with frequent weight shift observed." Rec. p. 138.

[2] Rec. p. 140.

[3] Rec. p. 141.

2

State agency physician noted[4] that "In summary, we have a young gentleman with poor education and limited skills with a significant injury to his left ankle that is uncomfortable and he cannot tolerate long periods of activity...he certainly would be limited to light duty and no periods of being able to stand on his feet for long periods of time..."

The claimant argues that the ALJ and the Magistrate Judge ignored the evidence when stating that Simmons could stand or walk six hours a day. Light work capability requires the ability to do "a good deal of standing or walking."[5]

Simmons' difficulties walking are compounded by his inability to use his hands. The FCE done in 1998 showed significant strength and coordinational difficulties[6] in both hands.

The plaintiff further states that the Magistrate Judge, agreeing with the ALJ, found that Simmons did not participate in physical therapy to improve his condition. Simmons argues that physical therapy was never prescribed and that physical therapists will not perform physical therapy without a prescription from a physician. Simmons cannot be penalized for not participating in physical therapy when there is no evidence that such therapy was prescribed.

The ALJ found that based upon the plaintiff's residual functional capacity, he is capable of performing light work as defined in 20 CFR §§ 404.1567 AND 416.967. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. If the plaintiff is determined to be capable of performing a full or wide range of light work, the ALJ has also determined that he can do sedentary work, unless there are additional limiting

---

[4] Rec. p. 88.

[5] Social Security Ruling 83-10

[6] Record at p. 129.

3

factors such as loss of fine dexterity or the inability to sit for long periods of time.

The last objection by the claimant is that the court failed to consider §416.923, multiple impairments. In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *See Crane v. Shalala,* 76 F.3d 251, 255 (9th Cir.1996). In doing so, the ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 416.923; *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (C.A.9 (Ariz.), 2003).

SSR 85-28 states that: "Although an impairment is not severe if it has no more than a minimal effect on an individual's physical or mental ability(ies) to do basic work activities, the possibility of several such impairments combining to produce a severe impairment must be considered. Under 20 CFR, sections 404.1523 and 416.923, when assessing the severity of whatever impairments an individual may have, the adjudicator must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone. A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process."

The evidence in this case shows that Simmons cannot stand for more than thirty minutes without severe pain. He cannot exert without his leg trembling. He ambulates at less than one mile per hour, lacks coordination and the use of his hands after ten minutes. Simmons can walk 0-33%

4

of the day. Therefore, he cannot be deemed capable of light work.

Because Simmons is unskilled, has no transferable skills, he cannot perform vocationally relevant past work[7]. The record does not reflect sufficient evidence to conclude that he is not literate.

Accordingly, the objections to the Report and Recommendation will be sustained. This matter will be remanded for a determination of whether Cecil Simmons is literate and capable of sedentary work.

Lake Charles, Louisiana, this ___ day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[7] P. 11 of record.